GEORGE JEWETT NORTHROP, in equity, *vs.* CLARENCE HALE.*

Cumberland.    Opinion December 15, 1881.

*Gift. Savings bank deposit. Trust.*

When A having seventeen hundred dollars in a savings bank, made a further deposit in the name of B without his knowledge, of two thousand dollars, retaining the pass book till death, and drawing the dividends and such portions of the principal for her own use as she chose; *Held,* 1, that the

---

*See preceding case.

title to the deposits remained in the depositor and subject to her control. 2, that if the deposit was in trust, that B was trustee for the depositor and not *cestui que trust.*

On bill and agreed statement of facts.

The opinion states the case.

*Drummond and Drummond,* for the complainant.

*Clarence Hale,* for the defendant.

APPLETON, C. J. Elizabeth M. Robinson, the defendant's intestate, having seventeen hundred dollars deposited in the Maine Savings Bank, on the twenty-ninth day of June, 1874, deposited in the same bank the further sum of two thousand dollars in the name of George J. Northrop, payable by the terms of the deposit and of the pass book to herself; the bank being subject to the provisions of c. 218, § 9, of the acts of 1877, limiting the amount of any one depositor to two thousand dollars.

The deposit when made was not deposited in trust for the complainant, who was not aware of its existence, so far as appears. If there was any trust, it was for the depositor, but this bill is not brought to enforce any such trust. Mrs. Robinson always had the pass book; she never parted with it. She never by word or act transferred her title, but drew for her own purposes, the accruing interest and such portion of the original deposit as she deemed expedient. The control of the money deposited never vested and was never intended to vest in the complainant. There was never a moment of time when he could have drawn out a dollar, had he so wished. It ever remained under the control of the depositor.

The bill cannot be sustained for the benefit of the complainant. He has no title by gift. He is trustee rather than *cestui que trust* and cannot enforce his claim for his own benefit. *Robinson* v. *Ring,* 72 Maine, 141; and cases cited. *Northrop* v. *Hale,* ante, p. 66.

*Bill dismissed.*

WALTON, BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.